### 21421

The STATE, Respondent, v. Leroy HAMILTON, John Franklin Lyons and Bobby Eugene Paul, Appellants.

(276 S. E. (2d) 784)

J. P. *Anderson, Jr., Mary G. Daniel* and *C. Rauch Wise,* Greenwood, and *Thomas E. Hite, Jr.,* Seneca, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Jr.* and *Asst. Attys. Gen. Kay G. Crowe* and *Lindy Pike Funkhouser,* Columbia; and *Sol. William T. Jones,* Greenwood, *for respondent.*

March 31, 1981.

LEWIS, Chief Justice:

Appellants Hamilton, Lyons, and Paul were convicted of criminal sexual conduct in the third degree. Hamilton and Paul received a sentence of nine (9) years and Lyons was sentenced as a youthful offender to a term not to exceed six (6) years. All have appealed, raising the same issues. We reverse on the ground that the trial judge erred in refusing to allow defense counsel to inspect, during cross-examina-

tion, notes of a witness, which the witness had reviewed prior to trial in preparation for his testimony. Other issues are determined because of their effect on a retrial.

By way of reply testimony, the State called officer Jones to testify. The State sought to show by the testimony of this witness, who had interviewed appellant Hamilton, that Hamilton had freely and voluntarily said during the interview that he and appellant Paul had "pulled the victim from the car"; and that the "victim began to struggle and tore the chain from around Bobby Paul's (appellant Paul's) neck." Timely objection of appellant's counsel to the testimony was overruled.

On cross-examination of officer Jones, it was revealed that the officer had made notes during the interview of appellant Hamilton and had reviewed these notes in preparation for his courtroom testimony. Appellants' counsel then requested to see the notes. The State opposed the request and asked the judge to review them. The judge did so and announced that he found two relevant sections of the notes which he offered to show appellants' counsel. The State objected and appellants' counsel was not permitted to see the notes. Later in the trial, the judge refused counsel's request that the officer's notes, admittedly used by him in his preparation to testify, "be placed in a sealed envelope and added to the transcript of record, or the exhibits in this case, for the purpose of possible review by the Supreme Court."

The question to be decided is whether it was error for the trial judge to refuse to permit appellants' counsel to have the notes of the witness Jones available to him for cross-examination. We conclude that it was. We stated the governing principle in State v. Tyner, 273 S. C. 646, 258 S. E. (2d) 559, as follows:

Where a document is used by a witness to refresh his recollection, the adverse party has a right to have the memoran-

dum available to him for cross-examination. Citing McCormick on Evidence, Section 9 (2d) Ed., page 17 (1972).

And, although the courts are divided on the subject, the reasons supporting the right to have the memorandum used by the witness in court are, as a general rule, equally applicable to writings used by the witness to refresh his memory before he testifies. McCormick on Evidence, Section 9, (2d) Ed., page 17.

No sound reason appears to deny the application of ██ the foregoing rule in this case. The notes in question were made by the witness and were used by him in preparation for his testimony. They were in court and available. It is undisputed that the trial judge found the notes relevant to the examination of the witness in at least two instances, but refused, upon objection by the State, to permit appellants' counsel to inspect them. There is no showing that the notes contained any confidential or privileged matters. Under these circumstances, it was error to refuse to permit their inspection by counsel for appellants and their use in cross-examination, where relevant.

In view of the remand of the case for a new trial it is necessary that we consider the challenge (1) to the constitutionality of Section 16-3-654 of the 1976 Code of Laws (Supp.), under which appellants were convicted, and (2) to the sufficiency of the evidence.

Appellants contend that Section 16-3-654 is unconstitutionally vague, ambiguous, and indefinite.

This section, in pertinent part, states: Sec. 16-3-654. *Criminal sexual conduct in the third degree.* (1) A person is guilty of criminal sexual conduct in the third degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:

(a) The actor uses force or coercion to accomplish the sexual battery in the absence of aggravating circumstances.

Code Section 16-3-651(h) defines *sexual battery* as follows:

Sexual battery means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body, . . . except when such intrusion is accomplished. for medically recognized treatment or diagnostic purposes.

Section 16-3-651(i) defines *victim* as "the person alleging to have been subjected to criminal sexual conduct"; and Section 16-3-651(a) defines *actor* as "a person accused of criminal sexual conduct."

In the statutory scheme for dealing with criminal sexual conduct, the legislature defined "aggravated force" necessary to constitute first degree criminal sexual conduct and "aggravated coercion" in the second degree of the offense, but did not define "force or coercion" which is embodied in third degree criminal sexual conduct.

Appellants argue that Section 16-3-654, under which they were convicted, deprives them of due process, in that under the foregoing definition of *actor, victim,* and *sexual battery,* and the failure to define the elements of "force or coercion" in criminal sexual conduct in the third degree, the statute is so ambiguous and vague that it does not preclude consensual sexual behavior and, therefore, fails to apprise one of the sexual behavior that is unlawful.

In *State v. Cox,* S. C., 266 S. E. (2d) 784, we construed the language defining "aggravated coercion", required in criminal sexual conduct of the second degree, to mean "that the sexual battery occurred under circumstances where the victim's consent was lacking." Admittedly, the argument might be made, although specious, that, since *aggravated coercion* embodies the lack of consent, and *coercion* in third degree criminal sexual conduct is less than *aggravated coercion* in second degree, sex under mere coercion does not

require lack of consent. The fallacy in the argument is immediately apparent.

Criminal sexual conduct in the third degree requires that the sexual battery be accomplished through "force or coercion." *Force* and *coercion* as used in the statute, have basically the same meaning. They "mean to make a person . . . follow a prescribed and dictated course; . . . to inflict or impose: force one's will on someone." American Heritage Dictionary, p. 513. Therefore, criminal sexual conduct in any degree means "that the sexual battery occurred under circumstances where the victim's consent was lacking." *State v. Cox, supra.* The fact that, in the third degree of the offense, "aggravating circumstances" are absent does not lessen the requirement that sexual battery be committed without the consent of the victim, but simply refers to the character of the circumstances by which compliance was forced.

■ The fact that "force or coercion" are not defined does not render the statute vague or ambiguous. They are words of common, ordinary meaning and are sufficiently specific and fundamental to proscribe conduct.

The argument that consent is not a defense is without merit.

■ Appellants also contend that there was insufficient evidence upon which to submit the case against them to the jury and, therefore, the trial judge erred in denying their motion for a directed verdict.

The evidence, viewed in the light most favorable to the State, as we are required to do, was sufficient to sustain the jury's finding that appellants were guilty of criminal sexual conduct beyond a reasonable doubt. The victim, an eighteen (18) year old female attending Erskine College, received a ride with appellants to her room from a convenience store, a distance of two or three blocks. Once at her dormitory, she departed appellants' company. Several minutes later, she left her dormitory walking to a nearby dormitory to attend a

party. In doing so, she walked past the car in which she had recently received a ride. As she did, she stated that one of the appellants "grabbed my arm and put me in the back seat of the car." After riding around for a while, appellants stopped at the residence of an aunt of one of them, despite the victim's repeated requests to be taken home. She was then forcibly removed from the car and taken to the house where each of the appellants, as the victim testified, "raped me twice." Although she originally resisted and threatened to go to the police, she stopped resisting when she realized her "life was on the line."

The foregoing facts amply support the conclusion that the sexual battery was accomplished through force or coercion and against the will of the victim, as required to make out the offense of criminal sexual conduct in the third degree under Code Section 16-3-654, *supra*.

The judgement is reversed and the case remanded for a new trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.