22838

The STATE, Respondent v. John L. STALEY, Appellant.

(365 S. E. (2d) 729)

Supreme Court

*Chief Atty. William Isaac Diggs of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Jan. 4, 1988.

Decided Feb. 22, 1988.

GREGORY, Justice:

Appellant was convicted of armed robbery and assault and battery of a high and aggravated nature. He was sentenced to consecutive terms of 25 and 10 years respectively. We reverse.

The State presented evidence that appellant robbed a convenience store while armed with a knife. Appellant raised a defence of alibi and testified on his own behalf. He admitted he was paroled after spending more than seven years in prison and that he had pleaded guilty to eleven counts of forgery and three armed robberies.

Appellant submitted a written request to charge the jury with a limiting instruction that prior convictions could not be used as evidence of guilt but for impeachment only. The trial judge refused this charge without explanation.

Appellant was clearly entitled to the requested charge. *State v. Peterson,* 287 S. C. 244, 335 S. E. (2d) 800 (1985); *State v. McFarlane,* 279 S. C. 327, 306 S. E. (2d) 611 (1983); *State v. Smalls,* 260 S. C. 44, 194 S. E. (2d) 188 (1973). Nowhere in the judge's charge does he convey to the jury the limited use of evidence of prior convictions for impeachment only. This failure to charge was especially damaging because appellant was on trial for the same offense for which he had previously been convicted. This error was prejudicial.

Accordingly, the judgment of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

NESS, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.