22898

The STATE, Respondent v. Jesse Keith BROWN, Appellant.

(371 S. E. (2d) 523)

Supreme Court

*David I. Bruck, John H. Blume,* Columbia, *Spartanburg Public Defender Charles E. Sanders, Max B. Cauthen, Jr.,* Spartanburg, and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard June 6, 1988.

Decided Aug. 8, 1988.

GREGORY, Chief Justice:

Appellant was convicted in 1984 for the murder of John McMillin and related offenses and was sentenced to death. These convictions were reversed on appeal. *State v. Brown,* 289 S. C. 581, 347 S. E. (2d) 882 (1986). Appellant was retried, convicted of murder, grand larceny, armed robbery, and entering without breaking. He was again sentenced to death for murder with consecutive terms for the other offenses. We reverse.

Appellant contends his convictions must be reversed because the trial judge failed to charge the jury that evidence of his prior convictions could be used only for impeachment. We agree.

After appellant advised the trial court he wished to testify, the judge informed him evidence of any prior convictions could be used to impeach him. The judge told appellant if he admitted his prior convictions, the State would not be able to elicit this information on cross-examination. He further told appellant he would instruct the jury regarding the limited use of prior convictions for impeachment only.

Appellant took the stand and testified he was not involved in the murder or the related offenses which included armed robbery. He admitted he had previously pleaded guilty to four counts of armed robbery and one count of attempted armed robbery. The judge gave no charge regarding the limited use of this evidence of prior convictions. Trial counsel made no request and took no exception to the charge. Appellant now raises this issue on appeal.

The Court has repeatedly held the jury must be charged that evidence of prior convictions is admissible only for impeachment. *State v. Staley,* 294 S. C. 451, 365 S. E. (2d) 729 (1988); *State v. Peterson,* 287 S. C. 244, 335 S. E. (2d) 800 (1985); *State v. McFarlane,* 279 S. C. 327, 306 S. E. (2d) 611 (1983). In a capital case, failure to give this

charge is error even absent a request. *State v. Peterson, supra.*

The State argues the error is harmless because of the ■ solicitor's closing argument correctly indicating the prior convictions were admitted only to enable the jury "to judge appellant's credibility." The solicitor's statement, however, is not an adequate substitute for a judge's instruction on the law. Moreover, the failure to give the omitted charge is especially prejudicial when the prior conviction is for the same offense. *State v. Staley, supra.* Here appellant was convicted of armed robbery, an aggravating circumstance to capital murder, which is the same offense as his prior convictions. We hold the failure to give the charge was prejudicial and constitutes reversible error.

We address the following issue because of the likelihood of its recurrence. Appellant contends his statement under oath at the previous trial of this case was erroneously admitted as impeachment evidence at this trial. We disagree.

At the guilt phase of trial, appellant testified he was not involved in the murder of John McMillin. The solicitor then cross-examined appellant regarding a prior statement under oath at the first trial of the case. At that trial, appellant testified at the penalty phase that he couldn't remember committing the murder and "if I've done anything, I'm very sorry." The Solicitor used this statement to impeach appellant's credibility.

Appellant claims this previous testimony should have ■■ been excluded as impeachment evidence because it was obtained as the result of legal error committed at that first trial. Under both federal and state law, unconstitutionally seized evidence is admissible for impeachment. *See United States v. Havens,* 446 U. S. 620, 100 S. Ct. 1912, 64 L. Ed. (2d) 559 (1980); *State v. Mercado,* 263 S. C. 304, 210 S. E. (2d) 459 (1974). Also, a statement obtained in violation of a defendant's fifth amendment right to counsel is admissible for impeachment, *Oregon v. Hass,* 420 U. S. 714, 95 S. Ct. 1215, 43 L. Ed. (2d) 570 (1975), as is a confession obtained in violation of *Miranda, Harris v. New York,* 401 U. S. 222, 91 S. Ct. 643, 28 L. Ed. (2d) 1 (1971). As stated by the United States Supreme Court, "when defendants testify, they must testify truthfully or suffer the consequences. This

is true even though a defendant is compelled to testify against his will." *United States v. Havens,* 446 U. S. at 626, 100 S. Ct. at 1916; *see also Bryson v. United States,* 396 U. S. 64, 90 S. Ct. 355, 24 L. Ed. (2d) 264 (1969).

This Court will not condone perjury. We hold testimony given under oath at a previous trial whose result is subsequently invalidated is admissible impeachment evidence.

We need not address appellant's remaining exceptions. Accordingly, the convictions are reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.