## 1664

The STATE, Respondent v. Heyward BRYANT, Appellant.

(405 S.E. (2d) 423)

Court of Appeals

*Assistant Appellate Defender M. Anne Pearce*, of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

Heard March 20, 1991; Decided May 28, 1991.

Rehearing Denied July 2, 1991.

*Per Curiam:*

The Florence County Court of General Sessions convicted Heyward Bryant (Bryant) of distribution of crack cocaine and distribution of crack cocaine within proximity of a school. The trial judge sentenced him to twenty years with a fine of $25,000 on the first charge and fifteen years with a fine of $10,000 on the second. We affirm.

The issues on appeal are whether the trial judge erred (1) in refusing to require the state to produce the handwritten notes of the prosecution's leading witness and (2) in refusing to give a limiting instruction as to the jury's consideration of the defendant's prior convictions.

The prosecution's leading witness was Officer Teresa Woods, an undercover agent who bought crack cocaine from Bryant. During the transaction, Woods was "wired" so that her conversation during the purchase was overheard by Officer Thomas McKenzie. Based on the description given by Woods and McKenzie's own recognition of the voice of the man who sold the cocaine, McKenzie obtained a photograph of Bryant from the Police Department. Woods confirmed that the photograph was of the man who sold her cocaine.

After the cocaine purchase, Woods made handwritten notes of what had occurred and gave them to a typist to be transcribed. It was, with these typed notes that she refreshed her

memory the night before her testimony. At trial Woods acknowledged several inconsistencies between the typed notes and the handwritten notes.

Bryant argues that his conviction must be reversed because the trial judge erred by not requiring Woods to produce the handwritten notes. We disagree. Production of the handwritten notes was not required by Rule 5, SCRCrim P. Rule 5 provides in pertinent part that, "[T]his rule does not authorize the discovery or inspection of reports, memoranda or other internal prosecution documents made by . . . prosecution agents in connection with the investigation or prosecution of the case. . . ." Rule 5(a)(2), SCRCrimP. Officer Woods' notes are clearly internal prosecution documents and, therefore, not covered by Rule 5.

Nor was there any duty to produce the notes under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963). *Brady* requires that the state disclose evidence in its possession which is favorable to the accused and material either to guilt or punishment. We must reverse only if the state failed to disclose the evidence and "such suppression of evidence . . . deprives the defendant of a fair trial." *United States v. Bagley*, 473 U.S. 667, 678, 105 S. Ct. 3375, 3381, 87 L. Ed. (2d) 481 (1985). The evidence of record reveals that the handwritten notes would merely support and bolster Officer Woods' testimony. We find no indication that Bryant was deprived a fair trial because the handwritten notes were not introduced.

Finally, there was no duty to produce the notes under *State v. Hamilton*, 276 S.C. 173, 276 S.E. (2d) 784 (1981). In *Hamilton,* the South Carolina Supreme Court held that opposing counsel is entitled to examine documents used by a witness to refresh his recollection. Because Officer Woods did not refresh her memory with the handwritten notes (but instead used the typed notes), *Hamilton* did not require the production of the handwritten notes.

Moreover, even if the trial judge did err by not requiring the production of the handwritten notes, it was harmless error. Officer Woods testified about what she saw and heard during the drug buy. She used the typed notes to refresh her memory, not the handwritten notes. The defendant fully cross examined Officer Woods about the discrepan-

cies between the typed notes and her testimony. For these reasons, the defendant clearly was not prejudiced by the trial judge's refusal to require production of the notes.

As to the second issue, we hold that the judge did err by refusing to give limiting instructions as to the jury's consideration of the defendant's prior convictions. It is the law of this state that the jury must be charged that evidence of prior convictions is admissible for impeachment purposes only. *State v. Brown*, 296 S.C. 191, 371 S.E. (2d) 523 (1988).

We hold the error, however, was harmless and thus not reversible. The defendant was not prejudiced by the error. His prior convictions were not drug related, and on direct examination, he testified that he had never sold crack cocaine to anyone. The jury could have chosen to believe the defendant, but instead chose to believe the overwhelming evidence against him.

For the reasons stated, the appealed order is affirmed.

Affirmed.