23600

STATE of South Carolina, Respondent v. Heyward BRYANT, Petitioner.

(415 S.E. (2d) 806)

Supreme Court

*Asst. Appellate Defender M. Anne Pearce*, of *S.C. Office of Appellate Defense*, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Harold M. Coombs, Jr.*, *Asst. Attys. Gen.*, *William Edgar Salter, III*, Columbia, and *Dudley Saleeby, Jr.*, Florence, *for respondent.*

Heard Feb. 3, 1992; Decided Mar. 16, 1992.

Reh. Den. Apr. 22, 1992.

*Per Curiam:*

This case is before us on a writ of certiorari to review the decision of the Court of Appeals reported at — S.C. —, 405 S.E. (2d) 423 (Ct. App. 1991), affirming petitioner's convictions for distribution of crack cocaine and distribution of crack cocaine within one-half mile of a school. We reverse and remand for a new trial.

## FACTS

Undercover SLED agent Teresa Woods testified she purchased a "forty-cent piece" or forty dollars' worth of crack cocaine from petitioner on October 6, 1988, as part of an ongoing drug operation in Lake City, South Carolina.

During cross-examination, Woods indicated she had made handwritten notes after the purchase which were later typed. The typed version was given to the Solicitor's office and the handwritten notes remained in the SLED file in Columbia. The Solicitor gave defense counsel only the typewritten notes.

When Wood's testimony on cross-examination was inconsistent with the typed notes, she claimed the handwritten notes were correct and would corroborate her testimony. Defense counsel moved for the State to disclose the handwritten notes

pursuant to counsel's original *Brady*[1] request for exculpatory evidence. He argued Woods could be impeached with her handwritten notes if they were inconsistent with her testimony, especially since she relied on the handwritten notes to support her testimony. The trial judge denied the motion.

Petitioner testified on his own behalf and denied that he sold crack cocaine as charged. Admitted into evidence were his prior convictions for housebreaking, conspiracy to commit burglary, and strong arm robbery. Petitioner requested a limiting charge regarding his criminal record which the trial judge refused.

## ISSUES
(1) Was the failure to give a limiting charge harmless error?
(2) What is the proper procedure for determining when evidence undisclosed pursuant to a defendant's *Brady* request must be produced by the State?

## DISCUSSION

On appeal, the Court of Appeals held it was error to refuse a limiting charge that evidence of petitioner's prior conviction was admissible only for impeachment purposes. It held, however, that the error was harmless because none of the convictions was drug-related and therefore petitioner was not prejudiced by the refusal to give a limiting charge. We disagree.

In *State v. Smalls*, 260 S.C. 44, 194 S.E. (2d) 188 (1973), this Court found prejudice from the failure to give a limiting charge even where the prior convictions were not related to the offense for which the defendant was being tried. We noted prejudice flowed from the possibility that without a limiting charge the jury may have concluded the defendant committed the crime because he had demonstrated a prior criminal tendency. "Under our system of justice, a conviction must be based upon evidence of the offense for which the accused is on trial rather than prior criminal or immoral acts." *State v. Gore*, 283 S.C. 118, 120, 322 S.E. (2d) 12, 13 (1984). This Court has never limited the entitlement to a limiting charge to cases where the prior convictions are for similar

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963).

crimes although we have noted that prejudice is even more egregious in such cases. *See, e.g., State v. Brown,* 296 S.C. 191, 371 S.E. (2d) 523 (1988); *State v. Staley,* 294 S.C. 451, 365 S.E. (2d) 729 (1988). Accordingly, we find the refusal to give a limiting charge upon request constitutes reversible error and remand the case for a new trial.

Petitioner also raises an evidentiary issue regarding the State's failure to disclose impeachment evidence pursuant to petitioner's *Brady* request. Although we need not address this issue, we take this opportunity to clarify for the bench and bar the procedure to be followed when a defendant seeks the production of evidence undisclosed by the State.

*Brady* requires that the State disclose evidence in its possession favorable to the accused and material to guilt or punishment. *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S. Ct. 989, 94 L. Ed. (2d) 40 (1987). This rule applies to impeachment evidence as well as exculpatory evidence. *United States v. Bagley,* 473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. (2d) 481 (1985). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley,* 473 U.S. at 682, 105 S. Ct. at 3383, 87 L. Ed. (2d) at 494.

In *Ritchie,* the United States Supreme Court held the defendant was entitled to have the trial court examine undisclosed evidence to determine whether it contained material information that would have changed the outcome of the trial. 480 U.S. at 58, 107 S. Ct. at 1002, 94 L. Ed. (2d) at 58. In so holding, it specified that the defendant must first establish "a basis for his claim that [the undisclosed information] contains material evidence." 480 U.S. at 58 n. 15, 107 S. Ct. at 1002 n. 15, 94 L. Ed. (2d) at 58, n. 15.

In this case, the trial judge ruled the evidence in question was not exculpatory and therefore the State need not disclose it. The trial judge reached this conclusion without the benefit of inspecting the contested material, merely relying upon the State witnesses own representation that it would support her testimony. We conclude that under *Ritchie* the State must produce undisclosed evidence for the trial judge's inspection once a defendant has established a

basis for his claim that it contains material exculpatory or impeachment evidence. The trial judge should then rule upon the materiality of the evidence to determine whether the State must produce it for the defendant's use.

Reversed and remanded.