24188

James Donald FOSSICK, Petitioner v.
STATE of South Carolina, Respondent.
(453 S.E. (2d) 899)

Supreme Court

*M. Anne Pearce, Asst. Appellate Defender,* of *S.C. Office of Appellant Defense,* Columbia, *for petitioner.*

*T. Travis Medlock, Atty. Gen. Donald J. Zelenka, Chief Deputy Atty. Gen.,* and *Salley W. Elliott, Deputy Atty. Gen.,* Columbia, *for respondent.*

Submitted Nov. 16, 1994.

Decided Jan. 30, 1995; Ren. Den. Feb. 23, 1995.

*Per Curiam:*

Petitioner claims the Post Conviction Relief judge erred in failing to grant Post Conviction Relief because trial counsel did not object to the trial judge's charge on reasonable doubt. We disagree. Affirmed pursuant to Appellate Court Rule 220(b) and the following authority: *State v. Johnson,* 306 S.C. 119, 410 S.E. (2d) 547 (1991), *cert. denied,* — U.S. —, 112 S.Ct. 1691, 118 L.Ed (2d) 404 (1992) (a reasonable doubt instruction which merely uses the term "substantial doubt," without any reference to "moral certainty" or "grave uncertainty," is not reversible error).

Next, Petitioner claims the Post Conviction Relief judge erred in failing to grant Post Conviction Relief when trial counsel did not object to solicitor's closing argument that the Petitioner showed no remorse. We agree and reverse the circuit court order denying Petitioner's Post Conviction Relief pursuant to Appellate Court Rule 220(b) and the following authorities: *State v. Johnson,* 293 S.C. 321, 360 S.E. (2d) 317 (19897) ("No right is more fundamental than the right of an accused to plead not guilty. . . . Comments by the prosecution upon an accused's failure to express remorse invite the jury to draw an adverse inference merely because the defendant did not appear penitent."); *Thompson v. Aiken,* 281 S.C. 239, 315 S.E. (2d) 110 (1984) (counsel ineffective for failing to object to improper closing statements by solicitor); *Simmons v. State,* 308 S.C. 481, 419 S.E. (2d) 225 (1992) (petitioner prejudiced "to the extent that there exists a probability that counsel's deficient performance affected the outcome of petitioner's trial.").