508 S.E.2d 32

**The STATE, Respondent,**

v.

**James FOSSICK, Appellant.**

**No. 24849.**

Supreme Court of South Carolina.

Heard Sept. 24, 1998.
Decided Nov. 9, 1998.

Assistant Appellate Defender M. Anne Pearce, of S.C. Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles Molony Condon; Assistant Deputy Attorney General Donald J. Zelenka; Assistant Attorney General Robert F. Daley, Jr., and Solicitor Warren B. Giese, all of Columbia, for respondent.

MOORE, Justice:

Appellant was convicted in 1986 for the murder of Marilee Whitten. This Court affirmed by memorandum opinion in 1987 but subsequently reversed the denial of post-conviction relief. *Fossick v. State*, 317 S.C. 375, 453 S.E.2d 899 (1995) (counsel ineffective for failing to object to solicitor's argument regarding lack of remorse). Appellant was re-tried in May 1996, convicted, and sentenced to life imprisonment. We affirm.

## *FACTS*

Seventeen-year-old Marilee Whitten was last seen alive on May 11, 1985. Her partially decomposed and naked body was found in a wooded area of lower Richland County four days later. Appellant, who was Marilee's co-worker, was interviewed several times by police over the next four months. He ultimately confessed he killed Marilee after forcing her into the trunk of his car, driving to a wooded area, and attempting to rape her. Appellant subsequently led police to the murder weapon, a vase-like lamp base, that he had discarded in a nearby trash heap.

## *ISSUE*

Whether the trial judge erred in excluding impeachment evidence of a prior inconsistent statement by State's witness Shane Parker and, if so, was the error harmless?

## *DISCUSSION*

▇ Appellant and Marilee met at the animal clinic where they both worked part-time. Shane Parker, another teenager, worked there also. Shane testified for the State.

According to Shane's testimony, he, appellant, and Marilee all left work shortly after 1:00 p.m. on Saturday, May 11. Shane spoke with them briefly in the parking lot before leaving. He was driving around a near-by neighborhood when he saw appellant's and Marilee's cars parked on the side of the road. He spoke with appellant while Marilee remained sitting in her car. This was around 1:30 p.m. Shane then drove off. When he called Marilee's house later that afternoon, she was not at home. Marilee's parents testified she never returned home from work.

On cross-examination, defense counsel asked Shane if he had once had a girlfriend named Michelle. Shane acknowledged he had and that they had double-dated with Michelle's sister and a friend named Lee Keeffe. Defense counsel then asked:

Q:  Do you recall a time back in 1989 when you got mad at Michelle and said, "I killed that bitch. I'll kill you, too."

A:  No, that was never said.

Q: It was never said in the presence of your friend Lee Keeffe and other individuals?

A: No, sir.

Q: So you deny saying that.

A: Yes, sir.

On re-direct, Shane again denied he had made such a statement. After the State rested its case, appellant proffered the testimony of Lee Keeffe to the effect that Keeffe heard Shane say to Michelle: "I killed that bitch and I'll kill you."

▮ The State objected on the ground that under Rule 608(b), SCRE, extrinsic evidence is not admissible to attack a witness's credibility. To the contrary, appellant argued this evidence was admissible as extrinsic evidence of a prior inconsistent statement under Rule 613(b), SCRE. The trial judge ruled the evidence inadmissible for impeachment under Rule 608(b).[1]

Rule 613(b) provides in pertinent part:

**(b) Extrinsic Evidence of Prior Inconsistent Statement of Witness.** Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is advised of the substance of the statement, the time and place it was allegedly made, and the person to whom it was made, and is given the opportunity to explain or deny the statement. *If a witness does not admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible.*

(emphasis added). Since Shane denied the statement, the proffered extrinsic evidence was admissible under Rule

---

1. As an alternative ground for excluding this evidence, the trial judge ruled it was inadmissible evidence of third-party guilt under *State v. Parker*, 294 S.C. 465, 366 S.E.2d 10 (1988), and *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941). Appellant never challenged this ruling until oral argument before this Court. Accordingly, we decline to determine whether Shane's statement should have been admitted as evidence of third-party guilt. *See State ex rel. Carter v. State*, 325 S.C. 204, 481 S.E.2d 429 (1997) (Court will not decide issue raised for first time at oral argument). Even if this evidence is inadmissible as substantive evidence, however, it may still be admissible for impeachment purposes. *See State v. Staley*, 294 S.C. 451, 365 S.E.2d 729 (1988) (defendant's prior convictions admissible for impeachment but not evidence of guilt).

$613(b).^2$ We conclude the trial judge erred in excluding Keeffe's testimony as impeachment evidence but find the error harmless.

█ In determining harmless error regarding any issue of witness credibility, we will consider the importance of the witness's testimony to the prosecution's case, whether the witness's testimony was cumulative, whether other evidence corroborates or contradicts the witness's testimony, the extent of cross-examination otherwise permitted, and the overall strength of the State's case. *State v. Holmes*, 320 S.C. 259, 464 S.E.2d 334 (1995) (*citing Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).

█ Here, the main thrust of Shane's testimony was that he left appellant and Marilee about 1:30 p.m. on the day Marilee disappeared. This same information was admitted into evidence as part of a statement appellant made to police months before his confession that he was with Marilee at 1:30 p.m. that day when Shane saw them on the side of the road. Appellant's father also testified to this statement which appellant made to police in his father's presence. Accordingly, Shane's testimony was cumulative.

Further, Shane's testimony was relatively unimportant to the State's case which rested on appellant's confession and the fact he led police to the murder weapon. In addition, appellant was permitted extensive cross-examination of Shane and impeached him with extrinsic evidence of conduct Shane denied. In light of all these factors, exclusion of Shane's prior inconsistent statement as impeaching evidence was harmless.

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.

---

2. Rule 608(b), upon which the trial judge based his exclusion of this evidence, does not apply. Rule 608(b) provides in pertinent part:

(b) **Specific Instance of Conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence.

Although Rule 608 prohibits extrinsic evidence, it applies only to evidence of *conduct* and not evidence of a *statement. United States v. Higa*, 55 F.3d 448 (9th Cir.1995).