THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Nathan Demetrious Smith, Appellant.
 
 
 

Appeal From Florence County
 Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2005-UP-381
Submitted June 1, 2005  June 13, 2005

AFFIRMED

 
 
 
 Acting Chief Attorney Joseph L. Savitz III, of Columbia, for Appellant.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant  Attorney General Deborah R. J. Shupe, all  of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:   Nathan D. Smith appeals a guilty plea to one count each of armed robbery and safecracking.  The trial court sentenced him to concurrent sentences of ten years on each charge.  We affirm.
FACTS
On August 4, 2002, Nathan Smith, Jeremiah Washington, and Ishmael Wilson entered a local gas station armed and wearing masks.  Upon entering, Washington forced one of the employees at gunpoint to open the cash register and demanded that she lay on the floor while he emptied its contents.  
While Washington was so occupied, Wilson and Smith went to the rear of the store.  There they held another employee at gunpoint and used her to get into the office where they encountered a third employee who was counting the nights receipts.  They took what money they could find and then forced an employee at gunpoint to open the stores safe.  After taking all the paper money from the safe, Wilson and Smith ran back to the front of the store where they met up with Washington before fleeing the scene.  
During the course of the robbery, the employees were able to identify Washington and Wilson.  Wilson was identified as a former employee of the store and thus, the authorities were able to obtain his address from employee files.  When officers arrived at Wilsons home a short time later, all three perpetrators were arrested.  A subsequent search of the home produced over $25,000 in cash and a .45 caliber pistol.   
Smith, Washington, and Wilson were charged with two counts of armed robbery, safecracking, and conspiracy.  On October 23, 2003, Smith and Washington appeared before the circuit court to enter guilty pleas.  In exchange for pleading guilty to one count of armed robbery and safecracking, the State agreed to dismiss the remaining armed robbery and conspiracy charges.  In addition, due to a lack of prior criminal history, the State recommended minimum sentences.  
 After ensuring the defendants understood their constitutional rights and that their pleas were voluntarily and intelligently given, the trial court, without objection from either defendant, accepted the States recommendation and gave both the minimum possible sentencesconcurrent terms of ten years on each charge.       
LAW/ANALYSIS
On appeal, Smith argues the trial court erred in accepting his plea to safecracking because the facts of the robbery do not satisfy of the elements of the charge.  We disagree.
It is axiomatic, that to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court.  See State v. Powers, 331 S.C. 37, 501 S.E.2d 116 (1998) (holding failure to raise constitutional issue at trial precluded its consideration on appeal).  As mentioned previously, neither Smith nor his cohort raised any objections to the trial court during the plea proceeding.  Furthermore, [t]he general rule is that guilty pleas, freely and voluntarily entered, act as a waiver of all non-jurisdictional defects and defenses, including the claims of a violation of a constitutional right prior to the plea.  Whetsell v. State, 276 S.C. 295, 297, 277 S.E.2d 891, 892 (1981).
Because Smith does not claim the trial court lacked jurisdiction, his argument would be more properly raised in an action for post-conviction relief.  See e.g., Fossick v. State, 317 S.C. 375, 453 S.E.2d 899 (1995).  
AFFIRMED. [1]
ANDERSON, STILWELL and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.