THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of
Appeals

 
 
 
 The State, Respondent,
 v.
 Steve R. Bagwell and Daryl Lee Spain, Appellants
 
 
 

Appeal From Greenville County
 C. Victor Pyle,
 Jr., Circuit Court Judge

Unpublished
Opinion No. 2007-UP-377
Submitted
 September 14, 2007  Filed September 18, 2007

AFFIRMED

 
 
 
 Joseph L. Savitz, III, of Columbia, for Appellants.
 Attorney General Henry D.
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy
 Attorney General Salley W. Elliott, Assistant Attorney General Julie M. Thames,
 all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER
 CURIAM: 
 Steve R. Bagwell (Bagwell) and Daryl Lee Spain (Spain) were convicted by a
 jury of first degree burglary.  The judge sentenced Bagwell to twenty years of
 confinement and Spain to fifteen years.  Bagwell and Spain appeal their
 convictions alleging the trial judge erred in ruling inadmissible a defense
 witnesss testimony.  We affirm.[1]
Facts
In
 September 2003, Jarrett Armstrong (Armstrong) and Chris Snoddy (Snoddy)
 shared an apartment in Greenville County, and both worked at a local Applebees
 restaurant.  Bagwell and Spain shared an apartment in the same complex.
On
 September 13, 2003, the day of the burglary, Armstrong worked from 5 p.m. until
 10 p.m.  Armstrong testified he went home at 10 p.m., showered, and watched
 television until driving back to Applebees at 11:45 p.m. to pick Snoddy up
 from work.  Armstrong waited approximately twenty minutes for Snoddy and left
 with Snoddy around 12:15 a.m. or 12:20 a.m.  While en route back to their
 apartment, Armstrong stated he received a call from a neighbor that caused them
 to hurry home.  A few neighbors were gathered outside their apartment when
 Armstrong and Snoddy arrived.  
Armstrong
 told Snoddy to go around to the rear of the apartment because it appeared
 someone was inside.  Armstrong said he entered the apartments front door and
 saw Bagwell, whom Armstrong has known since elementary school, leaving through
 the back glass patio door which had been shattered.    As Bagwell was exiting,
 Armstrong yelled to Snoddy that someone was running out.  Armstrong reported
 finding a sandal on the apartment floor that he had seen worn previously by Spain.  After checking the upstairs and finding nothing missing, Armstrong went outside to
 check on Snoddy.
Snoddy
 testified that when he arrived at the back of the apartment the glass patio
 door was shattered.  Snoddy picked up a metal pole to protect himself.  He
 observed Spain exiting the apartment through the shattered door, and he struck Spain with the pole.  The two fought until Spain submitted.  Spain was not wearing shoes
 and had numerous cuts to his feet.  Spain passed out when Armstrong reached the
 back of the apartment.  
Armstrong
 and Snoddy then went to Bagwells apartment to confront Bagwell.  Upon their
 arrival, Bagwell had blood running down his face.  Armstrong hit Bagwell one
 time before neighbors intervened.  Armstrong called the police.  
At
 trial, Spain did not take the stand, but Bagwell testified that he had consumed
 too much alcohol and was home asleep at the time of the incident.  
Standard
 of Review
In
 criminal cases, the appellate court sits to review errors of law only.  State
 v. Wilson, 345 S.C. 1, 545 S.E.2d 827 (2001); State v. Wood, 362 S.C.
 520, 608 S.E.2d 435 (Ct. App. 2004); State v. Mattison, 352 S.C. 577,
 575 S.E.2d 852 (Ct. App. 2003).  This court is bound by the trial courts
 factual findings in determining the admissibility of certain evidence in
 criminal cases.  Wilson, 345 S.C. at 6, 545 S.E.2d at 829; State v.
 Young, 364 S.C. 476, 613 S.E.2d 386 (Ct. App. 2005).  The admission of
 evidence is within the discretion of the trial court and will not be reversed
 absent an abuse of discretion.  State v. Pagan, 369 S.C. 201, 207, 631
 S.E.2d 262, 265 (2006); State v. Gaster, 349 S.C. 545, 557, 564 S.E.2d
 87, 93 (2002).  An abuse of discretion occurs when the conclusions of the trial
 court either lack evidentiary support or are controlled by an error of law.  Pagan,
 369 S.C. at 208, 631 S.E.2d at 265; State v. McDonald, 343 S.C. 319, 540
 S.E.2d 464 (2000); State v. Walker, 366 S.C. 643, 623 S.E.2d 122 (Ct.
 App. 2005).  In order for an error of law to warrant reversal, the error must
 result in prejudice to the appellant.  State v. Beck, 342 S.C. 129, 536
 S.E.2d 679 (2000); State v. Wyatt, 317 S.C. 370, 453 S.E.2d 890 (1995); State
 v. Patterson, 367 S.C. 219, 625 S.E.2d 239 (Ct. App. 2006).
Discussion
Bagwell
 and Spain argue the trial judge erred in refusing to allow Spains brother to testify that Armstrong was angry with Spain because Spain had revealed to a
 mutual neighbor that Armstrong was selling marijuana from his apartment. 
 Specifically, Bagwell and Spain claim the statement was admissible under Rule
 608(c), SCRE, to show Armstrongs bias and motive to fabricate testimony. 
 Therefore, Bagwell and Spain contend, the trial judge abused his discretion by
 excluding the evidence under Rule 613, SCRE.  
Whether
 the statement was evidence of bias and admissible under Rule 608(c), SCRE, is
 an issue not raised at trial and is thus not preserved for appeal.  Pye v.
 Estate of Fox, 369 S.C. 555, 633 S.E.2d 505 (2006).  See also Staubes
 v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (It
 is well-settled that an issue cannot be raised for the first time on appeal,
 but must have been raised to and ruled upon by the trial court to be preserved
 for appellate review.); Ellie, Inc. v. Miccichi, 358 S.C. 78, 103, 594
 S.E.2d 485, 498 (Ct. App. 2004) (noting it is axiomatic that an issue cannot be
 raised for the first time on appeal).  Imposing this preservation requirement
 on the appellant is meant to enable the lower court to rule properly after it
 has considered all relevant facts, law and arguments.  IOn, L.L.C. v. Town
 of Mount Pleasant, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000).
The
 State objected to the testimony based on Rule 613(b), SCRE, arguing the defense
 counsel failed to lay a proper foundation for the admissibility of a prior
 inconsistent statement.  Under South Carolina law, a proper foundation must be
 laid before admitting a prior inconsistent statement.  State v.
 McLeod, 362 S.C. 73, 81, 606 S.E.2d 215, 219 (Ct. App. 2004).  Rule 613(b),
 SCRE, provides:

 Extrinsic
 evidence of a prior inconsistent statement by a witness is not admissible
 unless the witness is advised of the substance of the statement, the time and
 place it was allegedly made, and the person to whom it was made, and is given
 the opportunity to explain or deny the statement.

The
 Solicitor posited, [T]he appropriate way to [use this statement] would have
 been to ask my victims during cross-examination whether [sic] not they made a
 statement to this man. In response to the States challenge to the testimony, the
 defense counsel opined to the trial judge, [T]he foundation is laid.  He
 states in court one thing that happens and then he tells my client something
 different that happens.  The trial judge sustained the States objection.  At
 no time during the trial did Bagwell and Spain assert the testimony would show bias,
 prejudice, or motive for Armstrong and Snoddy to testify falsely.  Accordingly,
 the trial judge was never presented with the opportunity to rule whether the evidence
 was admissible under Rule 608(c).
Though
 we find no abuse of discretion in the trial judges ruling, any error arising
 from the exclusion of the evidence in the present case would be harmless. 
Error is harmless where it could not
 reasonably have affected the result of the trial.  In re Harvey, 355
 S.C. 53, 584 S.E.2d 893 (2003); State v. Pagan, 357 S.C. 132, 591 S.E.2d
 646 (Ct. App. 2004).  Generally, appellate courts will not set aside
 convictions due to insubstantial errors not affecting the result.  State v.
 Sherard, 303 S.C. 172, 399 S.E.2d 595 (1991); State v. Adams, 354
 S.C. 361, 580 S.E.2d 785 (Ct. App. 2003).  Thus, an error is harmless where
 guilt has been conclusively proven by competent evidence such that no other
 rational conclusion can be reached.  State v. Bailey, 298 S.C. 1, 377
 S.E.2d 581 (1989); Adams, 354 S.C. at 381, 580 S.E.2d at 795.  The
 conviction should not be reversed where a review of the entire record
 establishes the error is harmless beyond a reasonable doubt.  State v.
 Pickens, 320 S.C. 528, 466 S.E.2d 364 (1996); State v. Fletcher, 363
 S.C. 221, 609 S.E.2d 572 (Ct. App. 2005); State v. King, 349 S.C. 142,
 561 S.E.2d 640 (Ct. App. 2002).
In State v. Fossick, 333 S.C. 66,
 70, 508 S.E.2d 32, 33-34 (1998), and State v. Beckham, 334 S.C. 302, 513
 S.E.2d 606 (1999), the supreme court applied a harmless error analysis to the
 failure to allow impeaching testimony.   In both cases, the court concluded the
 judges error in excluding impeachment evidence was harmless.  In Fossick,
 the court explained:

 In determining harmless error regarding
 any issues of witness credibility, we will consider the importance of the
 witnesss testimony to the prosecutions case, whether the witnesss testimony
 was cumulative, whether other evidence corroborates or contradicts the
 witnesss testimony, the extent of cross-examination otherwise permitted, and
 the overall strength of the States case.  State v. Holmes, 320 S.C.
 259, 464 S.E.2d 334 (1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed2d 674 (1986)).

Id. at 70, 508
 S.E.2d at 34.
Here,
 physical evidence corroborated the testimony of Armstrong and Snoddy and
 provided the State with a strong case.  The back glass door of the victims
 apartment had been shattered.  Armstrong saw Bagwell, whom he had known for
 years, leaving the apartment.  Snoddy testified he saw Spain exit the apartment through the broken door, and the two had a physical altercation at
 the scene.  Additionally, Armstrong averred the shoe left in his apartment was
 one he remembered Spain wearing.  Importantly, both of these statements indicate
 the lacerations to Spains feet were caused by the doors broken glass. Finally,
 counsel for Bagwell and Spain were permitted to cross-examine Armstrong and
 Snoddy.  Accordingly, even if the trial judge had erred in excluding the testimony
 of Spains brother, such error was harmless as it could not reasonably have
 affected the outcome of the trial.     
Conclusion
The
 trial judge did not err in ruling inadmissible the defense witnesss testimony. 
 At trial, Bagwell and Spain never argued the evidence was admissible under Rule
 608(c), SCRE.  Therefore, the issue is not preserved for appellate review. 
 Further, the trial judge properly found no foundation had been laid to admit
 under Rule 613(b), SCRE.  Finally, any possible error in its exclusion was
 harmless given the physical evidence and the opportunity for cross-examination
 of Armstrong and Snoddy.  Accordingly, Bagwell and Spains convictions and
 sentences are 
AFFIRMED.
ANDERSON and THOMAS, JJ., and CURETON,
 A.J., concur.

[1]  We decide this case without oral argument
pursuant to Rule 215, SCACR.