THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Brad R.
 Johnson, Appellant.
 
 
 

Appeal From Horry County
 J. Michael Baxley, Circuit Court Judge
Unpublished Opinion No.  2010-UP-138
Submitted February 1, 2010  Filed
 February 22, 2010
AFFIRMED 

 
 
 
 Stuart Mark Axelrod, of Myrtle Beach, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Christina J. Catoe, all of Columbia; and
 Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Brad J. Johnson was charged with
 trespassing onto Lewis W. Hall's property. A jury found him guilty, and the
 trial court sentenced Johnson to either thirty days' imprisonment or a $425
 fine.  We affirm[1] pursuant to Rule 220(b)(1), SCACR,
 and the following authorities:  
1.  As
 to whether the trial court erred in denying Johnson's motion for a directed
 verdict: S.C. Code Ann. § 16-11-600 (2003) (stating entry on another's property
 after notice prohibiting entry is a misdemeanor); State v. Weston, 367
 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When
 ruling on a motion for a directed verdict, the trial court is concerned with
 the existence or nonexistence of evidence, not its weight.").
2.  As to whether the trial court erred in refusing to admit the
 prior inconsistent statement because it was not relevant:  State v. Fossick, 333 S.C. 66, 70, 508 S.E.2d 32, 34 (1998) ("In determining harmless error regarding any issue of witness
 credibility, we will consider the importance of the witness's testimony to the
 prosecution's case, whether the witness's testimony was cumulative, whether
 other evidence corroborates or contradicts the witness's testimony, the extent
 of cross-examination otherwise permitted, and the overall strength of the
 State's case."). 
3.  As to whether the trial court erred in denying the admission
 of the jury charge on prior inconsistent statements:  Brown v. Stewart, 348 S.C. 33, 53, 557 S.E.2d 676, 686 (Ct. App. 2001) (holding a jury
 charge must be not only erroneous, but also prejudicial, in order to entitle an
 appellant to reversal); Id. ("It is not error to refuse a request
 to charge when the substance of the request is included in the general
 instructions.").  
AFFIRMED.
SHORT, WILLIAMS, and LOCKEMY, JJ.,
 concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.