**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Robert Wilson, Appellant.

Appellate Case No. 2016-000088

---

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-444
Submitted October 1, 2017 – Filed November 29, 2017

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be

reversed absent an abuse of discretion. An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (citation omitted)); Rule 608(b), SCRE (stating in the discretion of the trial court and if probative of truthfulness or untruthfulness, a party, on cross-examination, may inquire into specific instances of the conduct of a witness for the purpose of attacking or supporting the witness's credibility); *State v. Kelsey*, 331 S.C. 50, 75, 502 S.E.2d 63, 75 (1998) ("The inquiry under Rule 608(b) is limited to those specific instances of misconduct which are clearly probative of truthfulness or untruthfulness . . . ."); *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, the [c]ourt should not set aside a conviction because of insubstantial errors not affecting the result."); *State v. Pagan*, 357 S.C. 132, 144, 591 S.E.2d 646, 653 (Ct. App. 2004) ("Error is harmless where it could not reasonably have affected the result of the trial."), *aff'd as modified*, 369 S.C. 201, 631 S.E.2d 262 (2006); *State v. Fossick*, 333 S.C. 66, 70, 508 S.E.2d 32, 34 (1998) ("In determining harmless error regarding any issue of witness credibility, we will consider the importance of the witness's testimony to the prosecution's case, whether the witness's testimony was cumulative, whether other evidence corroborates or contradicts the witness's testimony, the extent of cross-examination otherwise permitted, and the overall strength of the State's case.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.