22018

The STATE, Respondent, v. Benjamin Allen HALL, Appellant.

(310 S. E. (2d) 429)

*Jean Bergeron,* Columbia, and *Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Tara D. Shurling,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. General Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

December 21, 1983.

NESS, Justice:

Appellant, Benjamin Allen Hall, was convicted of assault and battery of a high and aggravated nature, kidnapping, and four counts of first degree criminal sexual conduct. We affirm.

At approximately 3:30 a.m. on June 11, 1981, the prosecutrix was making a phone call from a booth in front of the clubhouse of a Lexington County apartment complex. Just as she completed her call, she was knocked down from behind by appellant, who held a knife to her throat, and threatened to use it if she screamed. Appellant then walked the prosecutrix down the sidewalk and through a gate to the adjacent pool area. He then forced her to sit on a lounge chair and perform fellatio on him.

Next, he moved the prosecutrix to the diving board, where he performed cunnilingus upon her. Finally, he moved her to an alleyway in the pool area, where he twice engaged in sexual intercourse with her. He then released the prosecutrix, ap-

proximately forty-five minutes after he had initially accosted her.

Appellant, relying on *Whalen v. United States*, 445 U. S. 684, 100 S. Ct. 1432, 63 L. Ed. (2d) 715 (1980), first argues that his convictions for kidnapping and assault and battery of a high and aggravated nature constitute double jeopardy under the test stated in *Blockburger v. United States*,[1] 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), as these crimes are circumstances which may be proven to establish criminal sexual conduct in the first degree.[2] We disagree.

In *Whalen*, the United States Supreme Court held that cumulative punishments for rape and the unintentional killing in the course of rape could not be imposed *absent legislative authorization* of separate punishments for these crimes. Our legislature has authorized cumulative punishments for kidnapping, assault and battery of a high and aggravated nature and first degree criminal sexual conduct. We therefore hold that *Whalen* is inapplicable.

"Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task — is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter,* U. S. , , 103 S. Ct. 673, 679, 74 L. Ed (2d) 535, 544 (1983). See also *Albernaz v. United States*, 450 U. S. 333, 101 S. Ct. 1137, 67 L. Ed. (2d) 275 (1981). We hold

---

[1] In *Blockburger* the Court held that "[t]the applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." 100 S. Ct. at 1438.

[2] S. C. Code Ann. § 16-3-652 (1982 Cum. Supp.) provides:

"(1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:

(a) The actor uses *aggravated* force to accomplish sexual battery.
(b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, *kidnapping*, robbery, extortion, burglary, housebreaking, or any other similar offense or act." (Emphasis added).

that appellant's convictions were not violative of the double jeopardy clause.

We emphasize the double jeopardy clause does not limit the legislature's power to impose sentences for a given crime. It is unquestioned that the South Carolina legislature could have created a single offense which provided one sentence for kidnapping, and a still greater sentence if the kidnapping, and a still greater sentence if the kidnapping resulted in a rape. The legislature chose to accomplish this result by two statutes instead of one. To strike down the scheme adopted by the legislature would operate not as a substantive restriction, but as a literary critique of the legislature. This, we refuse to do.

Appellant next contends the trial judge erred in failing to charge the jury in order to establish kidnapping, the state must prove the confining and carrying away of the victim was more than incident to the commission of another crime. We disagree.

This court has held on numerous occasions that "when a singe act combines the requisite ingredients of two distinct offenses, the defendant may be severally indicted and punished for each." *State v. Steadman,* 216 S. C. 579, 589, 59 S. E. (2d) 168, 171 (1950); *State v. Smith,* 275 S. C. 164, 268 S. E. (2d) 276 (1980).

In *State v. Fulcher,* 294 N. C. 503, 243 S. E. (2d) 338, 351 (1978), the North Carolina Supreme Court addressed a situation factually similar to that of the present case and held:

"[I]t is well established that two or more criminal offenses may grow out of the same course of action, as where one offense is committed with the intent thereafter to commit the other, and is actually followed by the commission of the other . . . In such a case the perpetrator may be convicted of and punished for both crimes. Thus, there is no constitutional barrier to the conviction of a defendant for kidnapping, by restraining his victim, and also of another felony to facilitate which such restraint was committed, provided the restraint, which constitutes the kidnapping, is a separate, complete act, independent of and apart from the other felony. Such independent and separate restraint *need not be, itself, substantial . . .*"

(Emphasis added). See also 43 A. L. R. (3d) 699.

Here, appellant procured the prosecutrix's submission by threatening her with a deadly weapon. This threat of serious injury continued until he released her some forty-five minutes later.

"Kidnapping is a continuing offense. The offense commences when one is wrongfully — deprived of — freedom and continues until freedom is restored." *State v. Zeigler*, 274 S. C. 6, 10, 260 S. E. (2d) 182, 184 (1979). "The restraint of [the prosecutrix] was separate and apart from . . . the commission upon her of the crime [of first degree criminal sexual conduct], though closely related thereto in time." *State v. Fulcher, supra*, 243 S. E. (2d) at 352. We hold this restraint constituted kidnapping within the meaning of S. C. Code Ann. § 16-3-910 (1976 as amended), regardless of the fact that the purpose of this seizure was to facilitate the commission of a sexual battery.

Additionally, in *State v. Smith, supra*, we partially ■ adopted the reasoning of *Vacendak v. State*, in determining that a life sentence for kidnapping committed in association with a sexual assault did not constitute cruel and unusual punishment. We now adopt the Indiana Supreme Court's holding that a defendant may not escape conviction for kidnapping by asserting that the kidnapping was merely incidental to a rape, which is essentially the same offense as first degree criminal sexual conduct. *See State v. Elmore*, 308 S. E. (2d) 781 (S. C. 1983). We hold the trial judge properly refused the request to charge.

Finally, appellant claims the trial judge erred by not ■ allowing appellant's counsel to review all notes which State's witness Harris possessed on cross-examination. Appellant concedes that Harris referred to certain notes *only* because appellant's counsel urged him to do so.

Appellant relies on the relatively recent line of cases which allow opposing counsel to inspect any notes used by witnesses either before or during trial to refresh their memories. *See State v. Tyner*, 273 S. C. 646, 258 S. E. (2d) 559 (1979), *State v. Hamilton*, 276 S. C. 173, 276 S. E. (2d) 784 (1981); *State v. Adams*, 277 S. Ct. 115, 283 S. E. (2d) 582 (1981).

This case is distinquishable, as here appellant's counsel *requested* Harris to look at his notes to determine whether the prosecutrix had told him that she had been slapped by ap-

pellant. Harris complied and stated that the prosecutrix told him that she had been knocked down and slapped in the face. Appellant's counsel then requested a copy of Harris' notes.

The trial judge allowed appellant's counsel to inspect those portions of the notes which Harris specifically referred to while testifying, but declined to allow inspection of any notes which were not reviewed for the purpose of giving testimony.

We hold the trial judge's action was proper, as we will not allow counsel to use this type maneuver to gain access to that which she is not otherwise entitled. In addition, because Harris testified that he had not reviewed his notes prior to trial, the rule in *Hamilton, supra,* is inapplicable.

Appellant's convictions are accordingly, affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., JJ., concur.