1717

The STATE, Respondent v. David Eugene DILDINE, Appellant.
(410 S.E. (2d) 597)

Court of Appeals

*Assistant Appellate Defender Daniel T. Stacey,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *E. Jean Howard,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Oct. 8, 1991; Decided Oct. 28, 1991.

Rehearing Denied Nov. 14, 1991.

GOOLSBY, Judge:

David Eugene Dildine was convicted of kidnapping, assault and battery of a high and aggravated nature, and attempted first degree criminal sexual conduct. He was given consecutive sentences of life for kidnapping and ten years each for the other two offenses. Dildine appeals, claiming the trial judge erred in refusing to charge the jury on attempted kidnapping as a lesser included offense of kidnapping and in refusing to allow Dildine's attorney to make certain arguments to the jury. He also claims the trial judge violated the Double Jeopardy Clause in giving him consecutive sentences for the three crimes. We affirm.

I.

We find no error in the trial judge's refusal to charge the jury on attempted kidnapping as a lesser included offense of kidnapping. *See State v. Funchess*, 267 S.C. 427, 429, 229 S.E. (2d) 331, 332 (1976) ("[I]t is not error to refuse to submit a lesser included offense unless there is testimony tending to show that the defendant is *only* guilty of the lesser offense.").

The only reasonable inference to be drawn from the evidence is that Dildine completed the offense of kidnapping. A kidnapping occurs when one unlawfully seizes, confines, inveigles, decoys, kidnaps or carries away another person. S.C. Code Ann. § 16-3-910 (1976). Dildine grabbed the victim and pulled her towards the woods. At one point, he had her in a headlock. Although she struggled with Dildine by biting, hitting, and kicking him, she testified "[t]here was no way [she] could get away from him."

II.

The trial judge's refusal to allow Dildine's attorney to argue to the jury that Dildine only attempted to kidnap the victim provides no basis for reversal. As explained above, the evidence does not support a conviction for attempted kidnapping. *See State v. Cannon*, 229 S.C. 614, 93 S.E. (2d) 889 (1956) (when addressing the jury, counsel should keep strictly within the record); 75A Am. Jur. (2d) *Trial* § 632, at 234 (1991) (counsel may only argue inferences which are fairly deducible from the evidence in the case).

## III.

Dildine has not shown he was deprived of a fair trial because of the alleged error committed by the trial judge when he sustained the solicitor's objection to the assertion made by Dildine's attorney to the jury, "[Y]ou're going to have to think about whether you're going to brand my client as a kidnapper and rapist for the rest of his life. He will always have that stigma if you attach it to him." *See State v. Bell,* 302 S.C.18, 393 S.E. (2d) 364 (1990), *cert. denied,* — U.S. —, 111 S. Ct. 227, 112 L. Ed. (2d) 182 (1990) (the conduct of argument is in the trial judge's discretion and the appellant bears the burden of showing any alleged error deprived him of a fair trial).

After sustaining the solicitor's objection, the trial judge neither struck the statement nor gave the jury a curative instruction but stated instead, "That is a matter for the jury. It's in your province. I'll say no more." *Cf.* 75A Am. Jur. (2d) *Trial* § 709, at 336 (1991) (the mere sustaining of an objection is not necessarily sufficient to remove the effect of prejudicial statements made in closing argument).

## IV.

Dildine asserts the trial judge erred in sustaining the objection by the solicitor to the following jury argument made by his attorney:

Where's the evidence of rape? Where's the evidence of kidnapping? You cannot convict my client on speculation, conjecture or belief. You can only listen to what evidence came from this witness stand. The theory of reasonable doubt leaves no room for possibility. It's what our country was built on. Think of the kind of world that we would live in if people were found guilty, *put in jail* because of what somebody thought. (Emphasis added.)

The solicitor objected on the ground the argument was inappropriate in that "[a]ny sentencing [wa]s entirely up to [the court]."

The trial judge correctly sustained the objection. *See United States v. Ramantanin,* 452 F. (2d) 670 (4th Cir. 1971) (it was proper for the trial judge to interrupt the closing argument of a defense attorney who referred to government ef-

forts to send his client to jail); 75A Am. Jur. (2d) *Trial* § 572, at 155 (1991) (sentencing is an area generally barred from comment during closing argument because the jury should be concerned solely with determining guilt); *cf. State v. Brooks*, 271 S.C. 355, 247 S.E. (2d) 436 (1978) (a trial judge's reference, during the jury charge, to the defendant's eligibility for parole was improper because the jury is not concerned with punishment).

Dildine argues, however, that the trial judge's sustaining of the solicitor's objection prevented him from urging the jury to rely on evidence rather than conjecture in reaching its verdict. It had no such effect. The trial judge's ruling went only to the reference to sentencing. It did not pertain to the attorney's references to evidence and conjecture.

In any case, Dildine's attorney continued to tell the jury, after the judge sustained the objection, to base its verdict on the evidence presented. The ruling, then, did not deprive Dildine of a fair trial. *State v. Bell*, 302 S.C. 18, 393 S.E. (2d) 364 (1990), *cert. denied,* — U.S. —, 111 S. Ct. 227, 112 L. Ed. (2d) 182 (1990).

## V.

We find no error in the trial judge's sentencing Dildine consecutively for kidnapping, assault and battery of a high and aggravated nature, and attempted criminal sexual conduct. Dildine argues the trial judge violated the Double Jeopardy Clause by sentencing him consecutively for the crimes because the three convictions arose from one offense. U.S. Const. Amend. V. We disagree. *See State v. Hall*, 280 S.C. 74, 310 S.E. (2d) 429 (1983) (convictions for kidnapping, assault and battery of a high and aggravated nature, and first degree criminal sexual conduct arising from one incident do not constitute double jeopardy because the legislature has authorized cumulative punishments for the three crimes).

Affirmed.

SANDERS, C.J., and GARDNER, J., concur.