578 S.E.2d 748

**The STATE, Respondent,**

v.

**Darnell Hudson EAST, Appellant.**

**No. 3615.**

Court of Appeals of South Carolina.

Submitted Jan. 10, 2003.

Decided March 17, 2003.

Senior Assistant Appellate Defender Wanda H. Haile, of Columbia; for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, all of Columbia; and Solicitor Druanne Dykes White, of Anderson; for Respondent.

HEARN, C.J.:

Darnell East was indicted for armed robbery and seven counts of kidnapping. The trial judge denied his motions for a directed verdict on the charges of kidnapping. East was convicted on all counts and sentenced to life without parole. East appeals, asserting the trial judge erred in denying his motion for a directed verdict on the kidnapping charges because the alleged kidnapping was not a separate and distinct offense from the armed robbery. He also contends the trial judge erred in denying his motion for a directed verdict on the kidnapping charge as to Richard Ausburn because Ausburn did not testify at trial. We affirm.[1]

## I. FACTS/PROCEDURAL HISTORY

Two men entered a fast-food restaurant in Powdersville shortly before it opened on a Sunday morning. One of the

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

men had a knife and said: "This is a robbery." When the employee advised him that he did not have the key to open the cash drawer, the robber with the knife and the employee walked to the manager's office. The manager came to the door of the office, and the robber grabbed the phone from the manager and cut the cord with the knife. Shortly thereafter, the other robber, East, came back to the manager's office carrying a gun. East grabbed the manager and took him into the office. When East came out of the office with the manager, the two robbers told seven of the employees to "lay (sic) on the ground." The employees lay there for several minutes until the robbers left the store. Approximately twenty-three hundred dollars was stolen from the store.

At trial, the defense moved for a directed verdict on the ground that the brief confinement of the victims during the course of the armed robbery was not a separate and distinct offense. A directed verdict was also sought on the kidnapping charge as to one of the employees, Richard Ausburn, because Ausburn "did not appear and has not testified." Relying primarily on the case of *State v. Hall,* 280 S.C. 74, 310 S.E.2d 429 (1983), the trial judge denied the motion for a directed verdict. He also found the testimony of other employees concerning Ausburn's presence during the robbery to be sufficient to warrant a denial of the motion for a directed verdict as to that count of kidnapping. The jury convicted East of all charges.

## II. ISSUE

East argues he was entitled to a directed verdict on the kidnapping charges because the brief confinement of the employees during the course of the armed robbery was not sufficient to constitute the separate crime of kidnapping. East also argues he was entitled to a directed verdict on the kidnapping count with respect to Richard Ausburn because Ausburn did not appear at trial and did not testify.

## III. DISCUSSION

S.C.Code § 16-3-910 (Supp.2001) defines the offense of kidnapping as follows: "Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any

other person by any means whatsoever without authority of law, except when a minor is seized or taken by his parent, is guilty of a felony. . . ." Kidnapping is a continuous offense which "commences when one is wrongfully deprived of freedom and continues until freedom is restored." *State v. Tucker,* 334 S.C. 1, 13, 512 S.E.2d 99, 105 (1999). South Carolina's kidnapping statute requires proof of an unlawful act taking one of several alternative forms, including seizure, confinement, inveiglement, decoy, kidnapping,[2] abduction, or carrying away. *See State v. Owens,* 291 S.C. 116, 352 S.E.2d 474 (1987).

The issue of whether the act of confinement can constitute the separate offense of kidnapping when it is incidental to the commission of another crime was raised in *State v. Hall,* 280 S.C. 74, 310 S.E.2d 429 (1983). In *Hall,* the victim was abducted by knifepoint as she placed a call from a phone booth near a clubhouse of an apartment complex. The perpetrator forced the victim to walk to an adjacent pool area where he sexually assaulted her and forced her to walk to different locations around the pool. At each location, the victim was assaulted. On appeal from his convictions for assault and battery of a high and aggravated nature, first degree criminal sexual conduct, and kidnapping, Hall argued the trial judge erred in failing to charge the jury that in order to establish kidnapping, the State must prove the confining and carrying away of the victim was more than incident to the commission of another crime. The South Carolina Supreme Court disagreed, holding that Hall's restraint of the victim constituted kidnapping within the meaning of S.C.Code Ann. § 16–3–910 (1976) "regardless of the fact that the purpose of this seizure was to facilitate the commission of a sexual battery." 280 S.C. at 78, 310 S.E.2d at 431.

It appears that South Carolina may be in the minority of jurisdictions which have considered this issue. *See State v. Anthony,* 817 S.W.2d 299, 305 (Tenn.1991) (citing to at least fifteen states' appellate court decisions on this issue and stating that "[b]y an overwhelming margin, the majority view

---

**2.** "As used in § 16–3–910, the term 'kidnap' apparently refers to the common law crime of kidnapping." *State v. Berntsen,* 295 S.C. 52, 54 n. 1, 367 S.E.2d 152, 153 n. 1 (1988).

in other jurisdictions is that kidnapping statutes do not apply to unlawful confinements or movements incidental to the commission of other crimes."); *see also* Model Penal Code § 212.1 (2001) (requiring movement over a substantial distance or confinement for a substantial period of time). Nevertheless, we agree with the trial judge here that the decision of our supreme court in *State v. Hall* controls.

Moreover, we note that the trial judge charged the jury that in order for it to convict East of both offenses, it must find that he had the requisite intent to commit two separate offenses. Although the jury charge is not part of the record on appeal, the trial judge advised counsel when he placed the results of the charge conference on the record and stated:

I am going to follow the lead of [defense counsel] in her request from that *Hall* case that cites with approval the North Carolina decision that in order to convict on the second series of offenses, the alleged kidnappings, I'm going to quote from that case and make that charge. And for the record, it will be as follows: "Under the law, two or more criminal offenses may grow out of the same course of action as where one offense is committed with the intent thereafter to commit the other and is actually followed by the commission of the other."

Thus, the jury was clearly instructed that in order to convict East of both armed robbery and kidnapping, it would have to find that he possessed the requisite intent to commit the second offense, in this case, the kidnapping.

Regarding East's argument concerning the failure of the State to call one of the victims as a witness, there was testimony in the record from the other KFC employees that Ausburn was present when they were confined in the hallway. Accordingly, the trial judge properly denied the motion for a directed verdict on this ground. *See State v. Charping,* 333 S.C. 124, 129, 508 S.E.2d 851, 854 (1998) ("[A]n adverse inference from the unexplained failure of a party to call an available witness is generally held not warranted when the material facts assumed to be within the knowledge of the absent witness have been testified to by other qualified witnesses."); *State v. Creech,* 314 S.C. 76, 82–83, 441 S.E.2d 635, 638 (Ct.App.1993) ("In reviewing the refusal to grant a direct-

ed verdict, the evidence is viewed in the light most favorable to the State to determine whether there is any evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused, or from which guilt may be fairly and logically deduced.")

Accordingly, East's convictions are

**AFFIRMED.**

GOOLSBY and SHULER, JJ., concur.