THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent, 
 v.
 Ishama M. Nelson, Appellant.
 
 
 

Appeal from Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge 

Unpublished Opinion No. 2007-UP-124
Submitted March 1, 2007  Filed March 15, 2007

AFFIRMED

 
 
 Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Salley W. Elliott, Harold M. Coombs, Jr., all of Columbia, and Solicitor Ralph E. Hoisington, of Charleston,  for Respondent.
 
 

Per curiam:  Ishama M. Nelson appeals his conviction for armed robbery, contending the trial judge erred in not allowing Nelsons counsel to argue in closing that [t]his defendants life is at stake.  We affirm.[1]
Facts
Nelson and Franklin Wright, armed with handguns, robbed an Exxon station in Goose Creek on February 23, 2003.  Wright pled guilty to the lesser offense of strong-armed robbery in consideration for testifying against Nelson.  
During his closing argument, Nelsons counsel began the statement This defendants life--.  The State immediately objected, contending Nelsons counsel was commenting on sentencing.  The trial judge cautioned Nelsons counsel but allowed him to proceed.  Nelsons counsel then stated, This defendants life is at stake.  The trial judge immediately ruled the argument was improper.  Counsel for Nelson stated All right.  All right.  The judge instructed the jury to disregard the statement.   
Nelson was found guilty of armed robbery and sentenced to imprisonment for eighteen years. 
Standard of Review
In criminal cases, the appellate court sits to review errors of law only.  State v. Baccus, 367 S.C. 41, 625 S.E.2d 216 (2006); State v. Wood, 362 S.C. 520, 608 S.E.2d 435 (Ct. App. 2004); State v. Mattison, 352 S.C. 577, 575 S.E.2d 852 (Ct. App. 2003).  On appeal, we are limited to determining whether the trial judge abused his discretion.  State v. Reed, 332 S.C. 35, 503 S.E.2d 747 (1998); State v. Walker, 366 S.C. 643, 623 S.E.2d 122 (Ct. App. 2005); State v. Bowie, 360 S.C. 210, 600 S.E.2d 112 (Ct. App. 2004).  In order for an error of law to warrant reversal, the error must result in prejudice to the appellant.  State v. Patterson, 367 S.C. 219, 625 S.E.2d 239 (Ct. App. 2006); see State v. Beck, 342 S.C. 129, 536 S.E.2d 679 (2000); State v. Wyatt, 317 S.C. 370, 453 S.E.2d 890 (1995).
Discussion
Nelson argues his statement was entirely proper because it served to impress upon the jurors the gravity of their decision.  This argument was not raised to and ruled on by the trial judge and is not preserved for our review.  State v. Williams, 303 S.C. 410, 401 S.E.2d 168 (1991) (issues not raised to and ruled on by the trial judge are not preserved for appeal); State v. Newton, 274 S.C. 287, 262 S.E.2d 906 (1980) (questions neither presented to nor passed upon by the trial judge are waived and should not be considered by the appellate court for the first time on appeal).  The record of the case shows that Nelsons counsel only argued sentencing, and the State objected on that the ground.  The trial judge sustained the States objection. 
Even if Nelsons contention were preserved for appellate review, it fails on the merits.  The trial judge is vested with broad discretion in dealing with the scope of closing arguments, and ordinarily the judges rulings on such matters will not be disturbed.  State v. Patterson, 324 S.C. 5, 482 S.E.2d 760 (1997).  The jury is concerned only with determining guilt, and a closing argument about sentencing and punishment is improper.  State v. Dildine, 306 S.C. 198, 410 S.E.2d 597 (Ct. App. 1991).  Accordingly, the trial judge did not abuse his discretion in controlling the defendants closing argument. 
Though we find no abuse of discretion in the trial judges ruling, such an error would have been harmless.  Nelsons counsel conveyed the gravity of the jurys task in the remainder of his closing argument:  What you do here today is important to the justice system, to all of the participants involved.  What you do today helps determine how our justice system works.
Accordingly, Nelsons conviction is affirmed.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.